UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE AARDEMA GROUP, LLC, an Idaho limited liability company, DONALD JOHN AARDEMA, an individual, RONALD J. AARDEMA, an individual, and DONALD J. AARDEMA, doing business as AARDEMA DIARY, and DON AARDEMA, an individual, and RON AARDEMA, an individual, doing business as DOUBLE A DAIRY,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>NORTHWEST DAIRY ASSOCIATION, a Washington corporation, DARIGOLD, INC., a Washington corporation, individually and doing business as WESTFARM FOODS, B.F. "TOY" SMITH, an individual, JOHN UNDERWOOD, an individual, DOES I through X, and BUSINESS ENTITY DOES I through X,<br><br>　　　　　Defendants. | Case No. CV 09-045-EJL<br><br><br><br><br>ORDER ON REPORT AND RECOMMENDATION |

　　　　On June 17, 2009, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation, recommending that Defendants' motions to strike be granted in part and denied in part and that Plaintiffs' motion to remand be granted.  Any party may challenge a Magistrate Judge's proposed recommendation regarding by filing written objections within ten days after being served with a copy of the magistrate's Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.

The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b).

Defendants' filed lengthy objections challenging the Report and Recommendation's conclusions: 1) accepting the Plaintiffs' unspecific allegations; 2) giving undue importance to Plaintiffs' generalized statements about the existence of a fiduciary relationship; 3) finding a possible fiduciary relationship; 4) finding Plaintiffs had stated a claim for fraud regardless of the Rule 9 pleading standards; and 5) failing to conclude that Idaho law would not find a fraud claim where the alleged concealment concerns future events. (Dkt. No. 33). Plaintiffs have responded to the objections. The Court has considered the Plaintiff's contentions and conducted a de novo review of the record and finds as follows.

**Discussion**

Having reviewed the parties' motions, briefing, and the entire record in these matters, the Court finds the report and recommendation has correctly decided the motions. The sum and substance of the Defendants objections are arguments appropriate for a Rule 12(b)(6) motion to dismiss the claims on their merits. The Defendants spend a great deal of time arguing the shortcomings of Plaintiffs' complaint in terms of its failure to allege facts that go to show the existence of any fiduciary relationship between Defendant Smith and the Plaintiffs and the lack of any particular allegations going to show the existence of the "nine indispensable criteria of fraud." (Dkt No. 33). While Defendants couch their claims as arguments applicable to the issue of the fraudulent joinder, the Defendants essentially desire the Court to resolve what the Defendants argue are the fatal flaws of the Plaintiffs' complaint at this stage before the Court determines whether jurisdiction is proper. The issue before the Court on this motion, however, involves whether Plaintiffs fraudulently joined Defendant Smith in an effort to avoid diversity

jurisdiction. Judge Bush properly identified this issue and applied the correct standard; "the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." (Dkt. No. 31, pp. 3-4).

Defendants take Judge Bush's recognition of potential shortcomings in the Plaintiffs' allegations as an opportunity to forward their motion to dismiss arguments. The fact remains that before the Court at this time is only the question of whether Defendant Smith was fraudulently joined such that this Court has jurisdiction or whether the matter should be remanded. Having reviewed the parties briefing on the fraudulent joinder issue and the record herein and for the reasons stated in the report and recommendation, the Court agrees with Judge Bush's conclusions and finds the Plaintiffs have not joined Defendant Smith fraudulently. As such, this matter will be remanded to the state court where the parties can raise and resolve their arguments as to the sufficiency of the complaint and the merits of the claims.

## ORDER

Having conducted a *de novo* review of the Report and Recommendation, this Court finds that Magistrate Judge Boyle's Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Bush, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on June 17, 2009, (Docket No. 31), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**THEREFORE, IT IS HEREBY ORDERED** as follows:

1) Plaintiffs' Motion to Remand (Docket No. 6) is **GRANTED**. The Clerk of the Court is directed to **REMAND THIS ACTION** to the Fifth Judicial District for the State of Idaho.

2) Defendants' Motion to Strike (Docket No. 11) is **GRANTED IN PART AND DENIED IN PART**.

DATED: **August 10, 2009**

Honorable Edward J. Lodge
U. S. District Judge